# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS M. COLON, | : |
| Petitioner, | : Civ. No. 12-3433 (RBK) |
| v. | : **OPINION** |
| DONNA ZICKEFOOSE, | : |
| Respondent. | : |

**<u>ROBERT B. KUGLER, U.S.D.J.</u>**

## I.   INTRODUCTION

Petitioner is a federal prisoner who was incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey at the time he filed the instant federal habeas petition.[1]  Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner requests that thirty-six days be added to his good time credits.  For the following reasons, the habeas petition will be denied.

## II.   BACKGROUND

Petitioner requests that thirty-six days be added to his good time credits because he was only awarded forty-two days of good time credits for three years instead of fifty-four days of good time credits.  Petitioner claims that he was improperly only awarded forty-two days instead of fifty-four days for his purported failure to attend GED classes.  (*See* Dkt. No. 1 at p. 2.)  Petitioner states that his attendance to GED class was interrupted because of court appearances whereby a federal writ was issued for his appearance.  (*See id.*)  Thus, accordingly to petitioner, he was temporarily unable to participate in the GED class due to special circumstances beyond

---

[1] Petitioner is currently incarcerated at F.C.I. Sandstone in Sandstone, Minnesota.

1

his control. (*See id.* at p. 3.) He also states that he was entitled to notice and an opportunity to be heard on this issue. Petitioner pursued his request for an additional thirty-six days of good time credit through administrative appeals that were denied.

Respondent filed an answer on November 2, 2012. Respondent contends that petitioner was properly awarded forty-two days as opposed to fifty-four days of good time credit for the three-year time period at issue. Respondent states that petitioner was only entitled to forty-two days of good time credit because he voluntarily withdrew from the GED program in March, 2005. According to respondent, petitioner re-enrolled in the GED program in September, 2005. Petitioner's status was changed from GED unsatisfactory to GED satisfactory in June, 2007, after he had completed an additional 240 instructional hours towards the GED program. (*See id.* at p. 7.)

Petitioner filed a reply on November 29, 2012. (*See* Dkt. No. 10.) He states in his reply that he did not voluntarily withdraw from the GED program and was not counseled about his decision to withdraw by a staff member. He claims that respondent's assertion that he voluntarily withdrew from the program is not supported by the evidence.

In light of petitioner's reply, the Court ordered respondent to file a supplemental answer. On August 16, 2013, respondent filed a supplemental answer which included petitioner's program review report from June 30, 2005. (*See* Dkt. No. 12-2 at p. 4-6.) Petitioner filed a reply to respondent's supplemental answer on November 26, 2013. (*See* Dkt. No. 18.)

### III.  STATUTORY AND LEGAL FRAMEWORK

Federal law establishes a mandatory functional literacy program as follows:

> (1) The Attorney General shall direct the Bureau of Prisons to have in effect a mandatory functional literacy program for all mentally capable inmates who are not functionally literate in each Federal

> correctional institution within 6 months from the date of the enactment of this Act.
> (2) Each mandatory functional literacy program shall include a requirement that each inmate participate in such program for mandatory period sufficient to provide the inmate with an adequate opportunity to achieve functional literacy, and appropriate incentives which lead to successful completion of such programs shall be developed and implemented.
> (3) As used in this section, the term "functional literacy" means –
>
>> (A) an eighth grade equivalence in reading and mathematics on a nationally recognized standardized test;
>> (B) functional competency or literacy on a nationally recognized criterion-referenced test; or
>> (C) a combination of subparagraphs (A) and (B).

18 U.S.C. § 3624(f). Federal regulations also provide that:

> an inmate in a federal institution who does not have a verified General Educational Development (GED) credential or high school diploma is required to attend an adult literacy program for a minimum of 240 instructional hours or until a GED is achieved, whichever occurs first.

28 C.F.R. § 544.70. Furthermore, prison "staff may take disciplinary action against an inmate lacking a GED credential or high school diploma if that inmate refuses to enroll in, and to complete, the mandatory 240 instructional hours of the literacy program." *Id.* § 544.75.

Federal law also includes a non-mandatory provision whereby federal prisoners may receive credit toward the service of their sentences for satisfactory behavior, subject to (among other things) an inmate's completion of, or "satisfactory progress" toward a GED credential or high school diploma; specifically:

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year[,] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons

that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph 2, if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. . . .

(2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

18 U.S.C. § 3624(b). The Bureau of Prisons has promulgated regulations which govern the award of good time credits under § 3624(b); specifically:

(c) For inmates serving a sentence for an offense committed on or after April 26, 1996, the Bureau will award

(1) 54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma; or
(2) 42 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.

28 C.F.R. § 523.20(c). Additional regulations also explain what constitutes not making "satisfactory progress toward earning a GED":

(b)(1) For the purposes of 18 U.S.C. § 3624, an inmate subject to the Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA) or the Prison Litigation Reform Act of 1995 (PLRA) shall be deemed to be making satisfactory progress toward earning a GED credential or high school diploma unless and until the inmate receives a progress assignment that:

4

> (i) The inmate refuses to enroll in the literacy program;
> (ii) The inmate has been found to have committed a prohibited act that occurred in a literacy program during the last 240 instructional hours of the inmate's most recent enrollment in the literacy program; or
> (iii) The inmate has withdrawn from the literacy program.
>
> (2) When an inmate subject to the VCCLEA or PLRA receives a progress assignment indicating that the inmate is not making satisfactory progress, the assignment shall be changed to indicate satisfactory progress only after the inmate is currently and continuously enrolled in a literacy program for a minimum of 240 instructional hours. Any further withdrawal or finding that the inmate has committed a prohibited act in a literacy program during the last 240 instructional hours of the inmate's most recent enrollment in the literacy program shall result in a progress assignment indicating that the inmate is again not making satisfactory progress (see paragraphs (b)(1)(ii) and (iii) of this section).

28 C.F.R. § 544.73(b). Federal Bureau of Prisons ("BOP") Program Statement 5250.28 provides additional instruction to its "education staff and inmates how the Bureau operates its literacy program." BOP Program Statement 5050.28 at p. 1, *available at* http://www.bop.gov/policy/progstat/5350_028.pdf (last visited December 4, 2013). More specifically, the Program Statement instructs the staff as follows:

> e. **Entering Progress Assignment in SENTRY**. You should use the UPDATE INMATE ASSIGNMENT SENTRY transaction to enter EDI GED Needs and Progress Assignments for all inmates. Use one of two literacy program EDI Progress Assignments to record GED progress:
>
> - GED SAT for satisfactory progress and
> - GED UNSAT for unsatisfactory progress.
>
> (1) Give an EDI GED Progress Assignment of GED SAT to an inmate when he/she completes the first 240 instructional hours in the literacy program if he/she

5

- continues to remain in the program and
- does not have an incident report showing that he/she was found guilty of an earlier violation in a literacy program. If found guilty, he/she will be given a GED UNSAT Progress Assignment and he/she will have to complete **another 240** instructional hours before he/she can receive a GED SAT Progress Assignment. The instructional hours prior to the incident report will not be counted toward the 240 instructional hours for the GED SAT Progress Assignment.
  *If an inmate withdraws voluntarily (regardless of the deportation status) from the GED program, he/she will need to complete another 240 instructional hours before he/she can receive a GED SAT Progress Assignment.*
  *The instructional hours from his/her previous enrollment will not be counted toward the 240 instructional hours needed for the GED SAT Progress Assignment.*
- If the inmate attains his/her GED credential during the initial 240 hours, do not assign him/her a progress statement. If an inmate attains his/her GED credential after the initial 240 hours, his/her current progress assignment should be removed.

. . . .

(2) Give an EDI GED UNSAT Progress Assignment to any inmate who

- refuses to enroll in the literacy program;
- is found guilty of a violation in a literacy program. The effective date of the EDI GED UNSAT Progress Assignment is the date when the Unit Discipline Committee (UDC) or Discipline Hearing Officer (DHO) finds the inmate guilty.
  Once found guilty of a Prohibited Act that occurs in the literacy program, he/she will have to complete another 240 instructional hours before he/she can have a GED SAT Progress Assignment; or
- *drops out of the literacy program after 240 instructional hours. The inmate may not be deemed to be making satisfactory progress with respect to the VCCLEA and the PLRA.*

6

> However, he/she will be deemed to meet the mandatory literacy attendance (240 instructional hours) requirement.

BOP Program Statement 5350.28 at p. 30-31 (bolded text in original; additional emphasis added).

The Bureau of Prisons application of its regulations is entitled to deference from this Court. *See Livingood v. Longley*, No. 11-19, 2012 WL 1247120, at *6 (W.D. Pa. Apr. 13, 2012) (citing *Chevron U.S.A. v. Nat'l Res. Def. Council*, 467 U.S. 837 (1984)), *aff'd by*, *Livengood v. Bureau of Prisons*, 503 F. App'x 104 (3d Cir. 2012) (per curiam). However, program statements are only given "some deference" "because the statements are merely internal agency guidelines that the BOP may alter at will." *See King v. Shultz*, 408 F. App'x 548, 551 (3d Cir. 2010) (per curiam) (citing *Stiver v. Meko*, 130 F.3d 574, 578 (3d Cir. 1997)).

## IV. DISCUSSION

Section 2241 states in relevant part that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). The issue of whether petitioner is entitled to an additional thirty-six days of good time credits hinges on a factual question; specifically, whether petitioner voluntarily withdrew from the GED program in 2005. As the statutory and regulatory framework outlined above indicates, if petitioner voluntarily withdrew from the GED program in 2005, then he would not be entitled to fifty-four days of good time credits, but rather would be entitled to only forty-two days of good time credits until such time as he re-enrolled in the GED program and attained another 240 instructional hours. *See Livingood*, 2012 WL 1247120, at *6 (citing BOP Program Statement 5350.28). For the following reasons, the habeas petition will be

denied as the evidence indicates that petitioner voluntarily withdrew from the GED program in March, 2005.

Petitioner argues in his petition that he did not voluntarily withdraw from the GED program. Instead, petitioner claims that he "is entitled to relief under Program Statement 5250.28, as his GED class was interrupted due to the special circumstances which was beyond his control, namely court appearance on FEDERAL WRIT." (Dkt. No. 1 at p. 6.) Petitioner is correct that inmates who are temporarily unavailable due to transfer on a writ are not required to attend a literacy program. *See* 28 C.F.R. § 544.71(b). While petitioner was transferred on a federal writ on July 12, 2005 (*see* Dkt. No. 9-1 at p. 18.), his purported voluntary withdrawal from the GED program occurred well prior to that date, in March, 2005. (*See* Dkt. No. 9-1 at p. 20, 24; Dkt. No. 12-2 at p. 4.) Thus, the Court finds that petitioner fails to show that his transfer of a writ caused his involuntary withdrawal from the GED program.

In his reply to the original answer, petitioner asserts that the respondent has failed to show that he in fact had voluntarily withdrawn from the GED program in March, 2005. In light of petitioner's reply, the Court ordered respondent to file a supplemental answer and to respond to "Petitioner's assertion that he did not withdraw from the GED program and that he was not counseled about his decision to withdraw by a staff member[.]" (Dkt. No. 11 at p. 1.)

Respondent's supplemental answer includes a program review report dated June 30, 2005. An inmate typically has a program review every six months where his goals and programming are discussed. (*See* Ainsworth Decl. ¶ 4.) The program review report indicates in the "Progress Made Since Last Review" section that GED was dropped on 3/05 and that petitioner is still receiving an unsatisfactory and losing twelve days good time credit per year. (*See* Dkt. No. 12-2 at p. 5.) Petitioner signed this program review report on July 6, 2005, along

with Michele Picerno, who is a case manager with the BOP. The Court finds that petitioner's signature on this program review statement indicates that, notwithstanding petitioner's current assertions in the instant habeas petition to the contrary, he withdrew from the GED program in March, 2005. Indeed, petitioner's signature on the progress review report is an indication of petitioner's acknowledgement of his voluntary withdrawal as the report indicates that petitioner was losing twelve days of good time credits.

As petitioner voluntarily withdrew from the GED program after he had completed 240 hours, he could only then receive fifty-four days of good time credit per year once he attained an additional 240 instructional hours. *See* BOP Program Statement 5350.28 at p. 30. Therefore, petitioner is not entitled to an additional thirty-six days of good time credit. He was properly awarded only forty-two days of good time credit as opposed to fifty-four days of good time credit as he could not obtain a satisfactory progress designation until such time as he completed another 240 instructional hours. *See id.*

Finally, petitioner argues that his due process rights were violated. Petitioner claims that he was entitled to notice and an opportunity to be heard with respect to the deprivation of his liberty interest to earn good time credits. (*See* Dkt. No. 1 at p. 6.) Nevertheless, petitioner fails to show that his due process rights were violated. Indeed, "although the Supreme Court has found that the loss of good conduct time entitles a prisoner to appropriate due process, *see Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974), [p]etitioner has no liberty interest *in the opportunity to earn* good conduct time." *Livingood*, 2012 WL 1247120, at *7 (citing *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Conlogue v. Shinbaum*, 949 F.2d 378, 380 (11th Cir. 1991); *see also Shockley v. Hosterman*, No. 07-216, 2007 WL 1810480, at *3 (D. Del. June 22, 2007) ("[T]he Due Process Clause does not guarantee the right to earn good-time credits.") (citing *Abdul-Akbar*

9

*v. Dep't of Corr.*, 910 F. Supp. 986, 1003 (D. Del. 1995)). In this case, petitioner's good time credits were not taken away, instead, petitioner simply lost the ability to earn an additional twelve days of good time credits by voluntarily withdrawing from the GED program.

## V. CONCLUSION

For the foregoing reasons, the habeas petition will be denied. An appropriate order will be entered.

DATED: December 9, 2013

s/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge